IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shelly Cruz, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:20-cv-195 |
| Harris & Harris, Ltd., an Illinois corporation, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Shelly Cruz, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Shelly Cruz, ("Cruz"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed to Advocate Health and Hospitals Corporation.

4. Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Northern District of Illinois. In fact, Harris was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Harris is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

**FACTUAL ALLEGATIONS**

6. On November 12, 2019, Ms. Cruz filed a Chapter 7 bankruptcy petition in a matter styled In re: Cruz, N.D. Ill. Bankr. No. 19-32193. Among the debts included in the bankruptcy were various medical debts she allegedly owed to Advocate Health and Hospitals Corporation, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit B.

7. Accordingly, on November 15, 2019, Advocate Health and Hospitals Corporation was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

8. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

9. Nonetheless, Defendant Harris sent Ms. Cruz a collection letter, dated December 23, 2019, demanding payment of one of the Advocate medical debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit D.

10. Defendant's violations of the FDCPA were material because Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the FDCPA and the Bankruptcy Code, as well as her rights under the FDCPA. Moreover, Defendant's collection actions alarmed, confused and distressed Ms. Cruz.

11. All of Defendant Harris' collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of a debt that is no longer owed, due to a

3

bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16. Defendant Harris' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

19. Here, the bankruptcy and the notices issued by that court (Exhibits B and C) provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit D), Defendant violated § 1692c(c) of the FDCPA.

20. Defendant Harris' violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Shelly Cruz, prays that this Court:

1. Find that Defendant Harris' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Cruz, and against Defendant, for actual

and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Shelly Cruz, demands trial by jury.

                              Shelly Cruz,

                              By:/s/ David J. Philipps___
                              One of Plaintiff's Attorneys

Dated: January 10, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

5